Ira S. Sacks
AKERMAN LLP
666 Fifth Avenue, 20th Floor
New York, New York 10103
Tel. (212) 880-3800
Fax (212) 905-6458
Email: ira.sacks@akerman.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| COMMITTEE FOR THE ADVANCEMENT OF TORAH D/B/A OK KOSHER CERTIFICATION,<br><br>Plaintiff,<br><br>-against-<br><br>TASTE'L FINE FOOD PVT LTD,<br><br>Defendant. | Civil Action No.<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Committee for the Advancement of Torah d/b/a OK Kosher Certification ("OK Kosher" or "Plaintiff"), for its Complaint for breach of contract, trademark counterfeiting, trademark infringement and related claims against Taste'l Fine Food Pvt Ltd ("Taste'l" or "Defendant"), alleges on knowledge as to Plaintiff's own acts and otherwise on information and belief, as follows:

## NATURE OF THE ACTION

1.  This is a civil action for counterfeiting in violation of 15 U.S.C. § 1114; trademark infringement in violation of 15 U.S.C. § 1114; false designation of origin in violation of 15 U.S.C. § 1125(a); and related breach of contract, state and common law claims (the "Action"). Plaintiff seeks permanent injunctive relief, actual or statutory damages, recapture of profits, reasonable attorney's fees and costs and further relief as this Court deems just and

proper.

## PARTIES

2. Plaintiff OK Kosher is a New York religious corporation, located at 391 Troy Avenue, New York, New York 11213.

3. Taste'l is a corporation organized under the laws of India, with a place of business at Soltaire Corporate Park, 1122 Building No. 11, 2nd Floor, Chakala, Andhari Kurta Road, Andheri, Mumbai 4000093, India.

## JURISDICTION AND VENUE

4. This is an action for trademark counterfeiting, trademark infringement and false designation of origin arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051, *et seq.*, as amended (the "Lanham Act"), and for breach of contract, and unlawful and deceptive acts and practices.

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), (b); and 15 U.S.C. §§ 1116, 1121. This Court has jurisdiction over Plaintiff's claims for breach of contract and unlawful and deceptive acts and practices pursuant to the principles of supplemental jurisdiction and 28 U.S.C. § 1367.

6. This Court has personal jurisdiction over Defendant on consent.

7. Venue is proper in this District on consent.

## PLAINTIFF'S TRADEMARKS

8. Donel Corporation, a New York Corporation, located at 391 Troy Avenue New York New York 11213, is the owner of, and OK Kosher is the exclusive licensee of, the following Certification Mark (the "OK Kosher Mark"), registered on the Principal Register of the United States Patent and Trademark Office, Registration No. 2,094,030.



9. The OK Kosher Mark is exclusively used by OK Kosher for kosher certification of food and other products. OK Kosher has the exclusive right to enforce the OK Kosher Mark and preclude products from using the OK Kosher Mark that has not been certified by it.

10. The OK Kosher Mark certifies that the goods or services and the ingredients, as well as the mode and manner of manufacture, handling and packaging, and the wrappings, and other containing materials, meet all requirements of the Mosaic Code and biblical requirements, so as to qualify them for Orthodox Jewish use and consumption, and thus of kosher quality.

11. Consumers of kosher products rely on certification by OK Kosher to ensure that products are, in fact, qualified by them for Orthodox Jewish use and consumption, and are of kosher quality. OK Kosher takes protection of the legal rights in its Certification Mark, and consumers who rely upon the certification it represents, very seriously.

**DEFENDANT BREACH OF CONTRACT**

12. On February 5, 2018, Taste'l entered into a certification agreement with OK Kosher pursuant to which OK Kosher agreed to permit Taste'l to the right to sell certain certified products using the OK Kosher Mark upon compliance with the supervision and Kashrus requirements set forth in the agreement (the "Agreement"). The Agreement provided that the "Agreement, and its validity, interpretation and enforcement, will be governed according to the substantive laws (without giving effect to principles of conflicts of laws) of the State of New York. The parties consent to the exclusive jurisdiction of the federal and state courts of the Eastern District of New York and the State of New York, Kings County, in any and all actions or proceedings arising in connection with this Agreement."

13. By the conduct set forth below Taste'l has breached the Agreement. OK Kosher fully performed all of its material obligations under the Agreement. At no time did OK Kosher waive any one or more of the breaches.

**DEFENDANT WILLFUL COUNTERFEITING AND TRADEMARK INFRINGEMENT**

14. Taste'l made, produced, marketed, sold and/or distributed products using a counterfeit of the OK Kosher Mark (the "Illegal Products") in 2019.

15. That Illegal Products were supplied by Taste'l to SLT Foods, Inc., bearing the OK Kosher Mark (the "Trademark"), pursuant to Invoice No. SLT/05/1920 and by courier. That Illegal Product was not made pursuant to the Agreement. One courier shipment of 36 jars and 2,820 cases of 6 jars each – a total of nearly 17,000 jars – was shipped to SLT. SLT re-distributed 48 cases – 288 jars – of that Illegal Product before notice from OK Kosher that the Illegal Product bore a counterfeit mark.

16. The Illegal Products were made in violation of the Agreement. For example, the production was not run in the presence of an OK Kosher rabbi; the lines were not Kosherized prior to production; the ingredients were not inspected prior to use; the ingredients were not properly washed to be free of debris (indeed, 5 of the 6 products shipped to SLT pursuant to the invoice cited above contained improperly washed and infested leafy vegetables).

17. Defendant has achieved substantial sales and profits as a result of their continued illegal use of the OK Kosher Mark. It is unjust to allow Defendant to retain those gains.

18. The foregoing registration of the OK Kosher Mark is valid, subsisting, unrevoked and uncancelled, and has achieved incontestable status pursuant to 15 U.S.C. § 1065.

19. As noted above, Plaintiff did not inspect or certify the Illegal Products as kosher and did not approve the Illegal Products for sale or distribution.

4

20. Defendant's illegal counterfeiting and infringing actions alleged herein, and Defendant's use of marks identical to, substantially indistinguishable from, and/or confusingly similar to, U.S. Reg. No. 2,094,030 on or in connection with the offering for sale and sale of the Illegal Products: (i) are likely to cause and has caused confusion, mistake and deception by and among the consuming public that all such goods are certified by OK Kosher; (ii) are likely to cause and has caused confusion, mistake and deception by and among the consuming public that there is some affiliation, connection or association of the Illegal Products with OK Kosher; and/or (iii) are likely to cause and has caused confusion, mistake and deception by and among the consuming public that the Illegal Products are being offered with the sponsorship or approval of Plaintiff.

21. Defendant offered for sale and sold, supplied and/or manufactured the Illegal Products knowing that the Illegal Products bore infringements and counterfeits of the OK Kosher Mark. Defendant engaged in a deliberate effort to cause confusion and mistake among the consuming public as to the source, affiliation and/or sponsorship of said goods and, to gain to Defendant, the benefit of the goodwill associated with products bearing the OK Kosher Mark.

22. Unless enjoined, Defendant may continue to cause irreparable harm to Plaintiff and to consumers who rely on the certification signified by the OK Kosher Mark.

**FIRST CLAIM FOR RELIEF**
**BREACH OF CONTRACT**

23. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 22 above as if fully set forth herein.

24. Plaintiff fully performed its material obligations under the Agreement.

25. Taste'l breached its material obligations under the Agreement, without excuse or waiver, by using the OK Kosher Mark in a manner not permitted by the Agreement.

49869484;1

26. As a result, the Agreement has been materially breached by Taste'l.

27. As a result, OK Kosher has been damaged in an amount to be proved at trial.

28. Plaintiff is entitled to a declaration that the Agreement is terminated.

## SECOND CLAIM FOR RELIEF
## FEDERAL TRADEMARK COUNTERFEITING
## (15 U.S.C. § 1114)

29. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 28 above as if fully set forth herein.

30. The Illegal Products use marks that are identical to or substantially indistinguishable from U.S. Reg. No. 2,094,030.

31. Defendant's manufacture, distribution, offer for sale and/or sale of the Illegal Products was without Plaintiff's authorization or consent.

32. Defendant's manufacture, distribution, offer for sale and/or sale of the Illegal Products was knowing and intentional, with knowledge of both Plaintiff's well-known and prior rights in the OK Kosher Mark and the fact that Defendant's Illegal Products bear marks which are identical to or substantially indistinguishable from U.S. Reg. No. 2,094,030.

33. Defendant has engaged in intentional and willful trademark counterfeiting in violation of 15 U.S.C. § 1114.

34. As a direct and proximate result of Defendant's actions alleged herein, Defendant has caused substantial and irreparable injury and damage to Plaintiff and its valuable OK Kosher Mark for which Plaintiff has no adequate remedy at law.

35. Unless Defendant's actions are immediately enjoined, Defendant may continue to cause damage to Plaintiff and their valuable OK Kosher Mark and Plaintiff will continue to suffer irreparable harm and injury.

36. Plaintiff is also entitled, election, actual damages or statutory damages in the

amount of $2,000,000 per mark for each type of good in connection with which Defendant used counterfeits of the OK Kosher Mark.

37. Defendant also should be required to account for, and pay over to OK Kosher, all profits realized by their wrongful acts and such profits should be trebled because of Defendant's willful actions.

### THIRD CLAIM FOR RELIEF
### FEDERAL TRADEMARK INFRINGEMENT
### (15 U.S.C. § 1114)

38. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 37 above as if fully set forth herein.

39. Plaintiff is the exclusive licensee of U.S. Reg. No. 2,094,030.

40. Defendant knowingly and intentionally reproduced, copied, and colorably imitated U.S. Reg. No. 2,094,030 and applied such reproductions, copies or colorable imitations to the goods offered for sale and/or sold.

41. Defendant's actions has been deliberate and committed with knowledge of Plaintiff's exclusive rights in U.S. Reg. No. 2,094,030, as well as with bad faith and the intent to cause confusion, mistake and deception.

42. Defendant's manufacture, supply, sale and/or offer for sale of the Illegal Products, without Plaintiff's consent, constitutes trademark infringement in violation of 15 U.S.C. § 1114. Such use is likely to cause confusion, deception and mistake among the consuming public as to the source, approval or sponsorship of the Illegal Products.

43. As a direct and proximate result of Defendant's unlawful and infringing actions as alleged herein, Plaintiff has suffered substantial and irreparable injury, loss and damage to its rights in and to U.S. Reg. No. 2,094,030, for which Plaintiff has no adequate remedy at law.

7
49869484;1

44. Unless Defendant's unlawful and infringing actions as alleged herein are immediately enjoined, Defendant may continue to cause damage to Plaintiff and its OK Kosher Mark and Plaintiff will continue to suffer irreparable harm and injury.

45. Plaintiff is entitled to its actual damages in an amount to be proved at trial. Defendant also should be required to account for, and pay over to OK Kosher, all profits realized by their wrongful acts and such should be profits trebled because of Defendant's willful actions.

## FOURTH CLAIM FOR RELIEF
## FEDERAL FALSE DESIGNATION OF ORIGIN
## (15 U.S.C. § 1125(a))

46. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 45 above as if fully set forth herein.

47. Plaintiff is the exclusive licensee of the OK Kosher Mark.

48. The OK Kosher Mark is inherently distinctive and/or has acquired distinctiveness.

49. Defendant's use of copies or simulations of the OK Kosher Mark in connection with Defendant's manufacture, distribution, offer for sale and/or sale of the Illegal Products is likely to cause and is causing confusion, mistake and deception among the general purchasing public as to the approval and/or sponsorship of the Illegal Products, and is likely to deceive the public into believing the Illegal Products being sold, offered for sale, supplied and/or manufactured by Defendant originate from, are associated with or are otherwise authorized by Plaintiff, all to the damage and detriment of Plaintiff.

50. Defendant's sale of the Illegal Products is likely to cause confusion to the general purchasing public.

51. By misappropriating and using the OK Kosher Mark, Defendant misrepresent and falsely describe to the general public the origin and source of the Illegal Products and create a

likelihood of confusion by consumers as to the certification of such merchandise.

52. Defendant's unlawful, unauthorized and unlicensed manufacture, supply, offer for sale and/or sale of the Illegal Products creates express and implied misrepresentations that the Illegal Products were authorized or approved by Plaintiff, all to Defendant's profit and Plaintiff's injury.

53. Defendant's aforesaid acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Defendant's manufacture, supply, offer of sale and/or sale of the Illegal Products in interstate commerce constitutes a false designation of origin.

54. As a direct and proximate result of Defendant's aforementioned wrongful actions, Defendant has caused irreparable injury to Plaintiff. Defendant, by (i) injuring the value of the OK Kosher Mark and (ii) causing loss and damage to Plaintiff's rights in the OK Kosher Mark, and has injured Plaintiff in a manner as to which Plaintiff has no adequate remedy at law.

55. Unless Defendant's unlawful actions as alleged herein are immediately enjoined, Defendant may continue to cause damage to Plaintiff and its OK Kosher Mark and Plaintiff will continue to suffer irreparable harm and injury.

56. Plaintiff is entitled to its actual damages in an amount to be proved at trial. Defendant also should be required to account for, and pay over to OK Kosher, all profits realized by their wrongful acts and such profits should be trebled because of Defendant's willful actions.

**FIFTH CLAIM FOR RELIEF**
**COMMON LAW TRADEMARK INFRINGEMENT AND UNJUST ENRICHMENT**

57. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 56 above as if fully set forth herein.

58. The aforementioned acts of Defendant constitute trademark infringement and unjust in violation of the common law of the States of New York and New Jersey.

9

59. As a result of such misconduct, Defendant has made sales and profits that they would not have otherwise made. Therefore, Defendant has been unjustly enriched.

60. Such conduct on the part of Defendant has injured Plaintiff and has caused and threatens to cause irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

61. Unless Defendant's unlawful actions as alleged herein are immediately enjoined, Defendant may continue to cause damage to Plaintiff and its valuable OK Kosher Mark and Plaintiff will continue to suffer irreparable harm and injury.

62. By reason of and as a direct result of such misconduct, Defendant were unjustly enriched in an amount to be determined at trial. Defendant should be required to account for, and pay over to OK Kosher, all profits realized by their wrongful acts and such profits should be trebled because of Defendant's willful actions.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

1. Permanently enjoining and restraining Defendant, and their respective subsidiaries, affiliates, divisions, officers, directors, principals, servants, employees, successors and assigns, and all those in active concert or participation with them from:

(a) imitating, copying or making unauthorized use of the OK Kosher Mark;

(b) manufacturing, importing, exporting, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any goods bearing any unauthorized reproduction, copy, counterfeit or colorable imitation of the OK Kosher Mark or any mark or design substantially indistinguishable from or confusingly similar to the OK Kosher Mark;

(c) using any unauthorized colorable imitation of the OK Kosher Mark in

connection with the manufacture, promotion, advertisement, display, sale, offering for sale, production, import, export, circulation or distribution of any goods in such a manner as to relate or connect, or tend to relate or connect, such goods of Defendant in any way with OK Kosher or to any goods sold, sponsored, approved by, or connected with OK Kosher;

(d) engaging in any other activity constituting an infringement of the OK Kosher Mark or of OK Kosher's rights in, or its right to use or exploit such trademark, and the reputation and goodwill associated therewith;

(e) making any statement or representation whatsoever, with respect to the infringing and counterfeit goods at issue, that falsely designates the origin of the goods as those certified by OK Kosher, or that is false or misleading with respect to OK Kosher;

(f) engaging in any other activity, including, but not limited to, the effectuation of assignments or transfers of its interests in goods bearing any unauthorized reproduction, copy, counterfeit or colorable imitations of the OK Kosher Mark and/or any mark or design substantially indistinguishable from or confusingly similar to the OK Kosher Mark, the formation of other corporations, partnerships, associations or other entities or the utilization of any other devices, for the purpose of circumventing, evading, avoiding or otherwise violating the prohibitions set forth in subsections 1(a) through 1(e) above; and

(g) destroying, altering, disposing of, removing, moving, transporting, tampering with or in any manner secreting any and all business records, including invoices, correspondence, customer/purchase lists, supplier lists, books of account, receipts, art work, designs, sketches or other documentation, and equipment and related paraphernalia relating or referring in any manner to or used or which could be used in or for the manufacture, advertising, receiving, supply, acquisition, importation, purchase, sale or offer for sale, or distribution of any

merchandise bearing any unauthorized reproduction, copy, counterfeit or colorable imitation of the OK Kosher Mark and/or any mark or design substantially indistinguishable from or confusingly similar to the OK Kosher Mark and any other items in their possession, custody or control, including raw materials, and means of manufacture concerning the manufacturing, acquisition, importation, purchase, shipment, sales or offer for sale or distribution of said unauthorized merchandise.

2. Authorizing Plaintiff to seize, and/or directing Defendant to deliver for destruction, all goods, labels, tags, artwork, prints, signs, packages, dies, plates, molds, matrices and any other means of production, wrappers, receptacles and advertisements in their possession, custody or control bearing any unauthorized reproductions, copies, or colorable imitations of the OK Kosher Mark or any marks or designs confusingly similar thereto, either individually or in connection with other words, marks or designs.

3. Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that the Illegal Products manufactured, supplied, offered for sale, sold or otherwise circulated or promoted by Defendant is authorized by OK Kosher or is related to or associated in any way with OK Kosher.

4. Awarding OK Kosher its actual damages in an amount to be proved at trial.

5. Awarding OK Kosher, at its election, actual damages or statutory damages in the amount of $2,000,000 per mark for each type of good in connection with which Defendant used counterfeits of the OK Kosher Mark.

6. Requiring Defendant to account and pay over to OK Kosher, all profits realized by their wrongful acts and such profits should be trebled because of Defendant's willful actions.

7. Awarding OK Kosher its costs and reasonable attorneys' and investigatory fees,

12
49869484;1

expenses, costs, together with pre-judgment interest.

8. Declaring that Taste'l has breached the Agreement and that the Agreement is terminated.

9. Awarding OK Kosher such other and further relief as the Court may deem just and proper.

Dated: New York, New York
September 17, 2019

**AKERMAN LLP**

*s/      Ira S. Sacks*
Ira S. Sacks
666 Fifth Avenue, 20th Floor
New York, NY 10103
Tel. (212) 880-3800
Fax (212) 905-6458
Email: ira.sacks@akerman.com
*Attorneys for Plaintiff*